[No. 9,439.  In Bank.—March 16, 1885.]

## REGENTS OF THE UNIVERSITY OF CALIFORNIA, PETITIONERS, *v.* W. A. JANUARY, TREASURER, &C., RESPONDENT.

UNIVERSITY OF CALIFORNIA—MONEY OF IN STATE TREASURY—HOW DRAWN. —All moneys in the state treasury, subject to the use of the board of regents of the University of California, may be drawn therefrom upon the order of the board indorsed by the governor, and no appropriation or warrant from the controller is necessary for that purpose.

APPLICATION for a writ of mandate to compel the respondent, the treasurer of the state, to pay out of the state treasury certain moneys there on deposit, belonging to the perpetual endowment fund of the University of California. The respondent refused to make the payment, on the ground that, under article 4, section 22, of the constitution, no money can be drawn from the state treasury except in pursuance of an appropriation made by law, and upon a warrant duly drawn thereon by the controller. The further facts are stated in the opinion of the court.

*J. B. Mhoon*, for Petitioners.

Article 4, section 22 of the constitution does not apply to the present case. (*Redding* v. *Bell*, 4 Cal. 333; *Butter* v. *Bates*, 7 Cal. 137; *Stratton* v. *Green*, 45 Cal. 149.) The treasurer should pay over the sum, on the demand as made, without the controller's warrant. (Act of March 7, 1883; Statutes of 1883, p. 32.)

*Attorney General Marshall*, and *J. M. Lesser*, for Respondent.

SHARPSTEIN, J.—The statute makes it the duty of the treasurer of this state " to receive and safely keep all funds and securities deposited, as herein provided, in the state treasury, by the regents of the University of California, subject at all times to the control and management of said regents ; and the state treasurer shall deliver any or all of said securities and funds, so deposited in the state treasury, to the treasurer of the regents of the University of California, upon presentation to him of a

resolution of the said regents, indorsed by the governor of the state, demanding the same, or any portion thereof." (Statutes and Amendments to Codes, 1883, p. 54.)

It appears that the treasurer of the regents presented to the respondent, who was then state treasurer, a resolution of the regents, indorsed by the governor, directing respondent to deliver to the treasurer of the regents $4000 of the funds deposited by the said regents in the state treasury for safe-keeping, and that he refused so to do. The authority of the state treasurer to receive any securities or funds of the University is derived solely from the statute, which requires him to deliver such funds and securities, when requested to do so, in the manner prescribed by the statute.

The act of March 23d, 1868, entitled "an act to create and organize the University of California," provides that all "moneys which may at any time be in the state treasury, and subject to the use of the said board of regents, may be drawn therefrom by the president of the board, upon the order of said board in favor of the treasurer of the University." And the constitution declares that "the University of California shall constitute a public trust, and its organization and government shall be perpetually continued in the form and character prescribed by the organic act creating the same, passed March 23d, 1868 (and the several acts amendatory thereof), subject only to such legislative control as may be necessary to insure compliance with the terms of its endowments, and the proper investment and security of its funds." (Article ix., § 9.)

In view of these statutory and constitutional provisions, we do not doubt that it was the duty of the respondent to comply with the resolution of the regents, without requiring, in addition thereto, a warrant of the controller, or the depositing of an equivalent security, and without regard to the use which the regents proposed to make of the money. With that the respondent had nothing to do. Nor can we pass upon that question in this proceeding. We might give our individual views on it, but we more than doubt the propriety of doing so. The only question which we can decide is whether, upon the facts disclosed by the record, a writ should issue as prayed. The fact of a proper demand having been made on the respondent, and

his having refused to perform a duty plainly devolved on him by law, entitles the petitioners to the writ.

Ordered that the writ issue as prayed.

McKEE, J., ROSS, J., MYRICK, J., THORNTON, J., MORRISON, C. J., and McKINSTRY, J., concurred.